**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Peggy Leigh TERRELL, Respondent.**

No. 94–SC–758–KB.

Supreme Court of Kentucky.

Jan. 19, 1995.

Bruce K. Davis, Dale Wright, Kentucky Bar Ass'n, Frankfort, for complainant.

Peggy Leigh Terrell, pro se.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association, as a result of charges instigated against the respondent, Peggy Leigh Terrell, has recommended that she be suspended from the practice of law in the Commonwealth of Kentucky for a period of two years. Terrell was charged with violating the canons of professional ethics in one count in KBA File 3377 and three counts in KBA File 3470. The charges were consolidated.

Terrell was found guilty as to File 3377 of violating SCR 3.130–3.3(a) and SCR 3.130–8.3(c) by making a false statement of material fact to the Kentucky Court of Appeals in her "show cause statement" filed with that court. She was also found guilty as to File 3470, Count I, of violating SCR 3.130–1.3 and SCR 3.130–3.2 by failing to act with reasonable diligence and promptness in representing a client and failing to make reason-

able efforts to expedite litigation consistent with the interest of the client, and she was found guilty as to File 3470, Count II, of failing to provide competent representation to a client in violation of SCR 3.130–1.1. Terrell was found not guilty of the final charge, File 3470, Count III, engaging in conduct involving dishonesty, deceit or misrepresentation by indicating to her clients that she was trying to obtain a court date when the case had already been dismissed.

All of the charges arise out of Terrell's representation of Gregory and Anita Elkins in litigation against a power company for its having allegedly trespassed on the Elkins' property and destroyed trees while putting in power lines. Terrell filed a complaint against the power company in Menifee Circuit Court on June 29, 1989. Terrell performed no discovery prior to filing a motion for summary judgment on March 9, 1990, which was to be heard on April 6, 1990. In its response to the complaint, the power company had admitted removing some timber and underbrush on the property but had denied all the other allegations. A substantial controversy clearly existed when the motion for summary judgment was filed.

On April 6, 1990, the day her summary judgment motion was to be heard, Terrell claims she was ill and had her office call the clerk. The judge rescheduled the hearing, but ordered that the motion would be overruled unless Terrell appeared at such hearing. Terrell notified all attorneys involved that she had a scheduling conflict for the new hearing date. An agreed order of continuance was entered and all involved agreed not to push the motion for summary judgment until discovery was completed.

At a discovery conference on June 26, 1990, a pre-trial conference was scheduled for October 5, 1990 with the trial being scheduled for October 10, 1990. Terrell moved for a continuance of the trial date because discovery had not been completed. On July 26, 1991, Terrell took the deposition of an employee of the defendant and determined that a key witness and former employee, whose deposition she felt was important, had moved to Florida.

On April 7, 1992, after a new circuit judge was elected and pursuant to instructions from the Administrative Office of the Courts, the court filed a notice to show cause why the case should not be dismissed for failure to prosecute to be heard on April 15, 1992. On April 23, 1992, the case was dismissed for lack of prosecution. Terrell claims she was hospitalized when the court's motion to show cause was filed and she requested her office staff to contact the court and clients to notify them of her problems and specifically mentioned this case. Terrell claims her staff called the judge's office and was informed that the show cause notice would be continued. The judge's staff recalls the phone call, but disputes that they advised Terrell's office the notice would automatically be continued. The judge's staff recalled that Terrell's office was advised to send a letter to the Menifee Circuit Clerk's office and have it placed in the record asking the case be passed until the following motion day. Such a letter was never sent.

After the case was dismissed on April 23, Terrell again had her office call the judge's office. Her office staff was advised to file a motion to set aside the dismissal order and notice it for the following motion day. Terrell filed a motion to vacate on May 7, 1992, to be heard on May 20, 1992. Terrell failed to appear on May 20, 1992, and on June 2, 1992, the judge entered a final order of dismissal overruling the motion to vacate.

On June 19, 1992, Terrell filed a notice of appeal. On August 20, 1992, the Court of Appeals entered an order to show cause why the appeal should not be dismissed for failure to file the required prehearing statement. On August 27, 1992, Terrell filed a "Show Cause Statement" claiming she had been unable to obtain the appropriate prehearing statement forms. After receiving no prehearing statement, on October 12, 1992, the Court of Appeals entered an order dismissing the appeal for failure to file a prehearing statement.

Terrell filed a motion for reconsideration in the Court of Appeals. On October 22, 1992, the Court of Appeals entered a deficiency order and returned the motion because it lacked a filing fee, the appropriate

copies, and a certificate of service as required by the Kentucky Rules of Civil Procedure. On October 30, 1992, Terrell filed a motion for reconsideration and, for the first time, tendered a prehearing statement. On January 11, 1993, the Court of Appeals entered an order denying the motion for reconsideration and determined that dismissal was a justified penalty as no excusable neglect for the failure to tender a prehearing statement had been shown.

In the "Show Cause Statement" Terrell filed with the Court of Appeals, she stated:

> That the counsel for Appellant, Gregory Elkins, has been trying to obtain a copy of the ACO–070 1–85 Court of Appeals of Kentucky Civil Appeal Prehearing Statement form as required by (CR 76.14) from various places and has been informed that either they are out of said forms and awaiting some to be sent to them or the whereabouts of said forms are unknown to the clerks at the office. I have requested that said form be sent to my office and stressed the importance of same.

Terrell claims that in past cases she has been sent the prehearing statement form by circuit clerks' offices when she has filed an appeal and that the Menifee Circuit Court did not do this. She further claims that she attempted to get the form from the Rowan Circuit Clerk's office but was advised they could not be found and was told on a number of occasions to come back later.

The KBA took the depositions of three persons from the Menifee Circuit Clerk's office and five persons from the Rowan Circuit Clerk's office. None of them recalled Terrell or anyone from her office requesting a prehearing statement form and none recalled any attorneys indicating they had tried to obtain a prehearing statement form and had been unable to do so. The deposition testimony indicated that the Rowan Circuit Clerk's office had approximately 350 of the forms and that the office policy was to keep a minimum of 200 of the infrequently used forms. The Menifee Circuit Clerk's office had 50 to 60 forms, of which they use approximately 2 to 3 per year, and the office also has a form book from which they can make copies if any forms run out.

Terrell claims her due process rights were violated because she "only received a part of the original complaint filed by Mr. Elkins" in File 3470 and she filed her response based on that partial complaint. However, Terrell admitted at the evidentiary hearing before the trial commissioner that what she was talking about was that she did not receive a copy of Mr. Elkins' complaint as an attachment to the Charge in File 3470, but that she had previously received a copy of Mr. Elkins' complaint to which she had filed a response before the Charge was filed. Further, Terrell admitted that she had been supplied the attachment approximately ten weeks prior to the hearing and thus had received ample opportunity to prepare for the hearing on all issues raised in the complaint.

■ Terrell appears to claim her due process rights were further violated when she and counsel for the KBA entered into an agreement that the case would be submitted to the Board of Governors on the record without oral arguments. This agreement was reached because Terrell was unable to make two scheduled oral arguments due to her health. As a result of the case being viewed on the record, Terrell did not address the charges in File 3377 or Counts I and III of File 3470. Terrell chose to address only Count II of File 3470 in her brief to the Board of Governors and she voluntarily agreed to submit the case to the Board on the record. Terrell cannot now claim her due process rights were violated by her voluntary decisions.

■ Terrell also claims that her constitutional right against double jeopardy has been violated because the KBA's Inquiry Tribunal brought and dismissed charges against her which were based on the same circumstances and violations as those in File 3377. The dismissed charge, KBA File 3615, was apparently brought after the charge in File 3377 and alleged that Terrell misrepresented material facts in both her show cause statement to the Court of Appeals and in her response to a complaint of the Inquiry Tribunal. Even if the second charge, File 3615, were exactly the same as the first charge, File 3377, the second charge was dismissed by the

**406**

Inquiry Tribunal. The first charge need not be dismissed as well.

The Trial Commissioner found, as to File 3470, Count II, that Terrell failed to provide adequate representation to the Elkins. He found that the evidence did not clearly demonstrate violations of the Rules of Professional Conduct as to the other charges against Terrell. The Board of Governors were unanimous in finding Terrell guilty as to File 3377 and Counts I and II of File 3470 and not guilty as to Count III of File 3470. A majority of the Board of Governors recommended that Terrell be suspended from the practice of law for a period of two years.

Upon our review of the record, we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association, and we adopt its recommendation.

IT IS THEREFORE ORDERED

The respondent, Peggy Leigh Terrell, is hereby suspended from the practice of law in Kentucky for a period of two years, and until such further time as she is reinstated to the practice of law by order of this court pursuant to SCR 3.510.

The respondent is directed to pay the costs of this action.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of her inability to represent them and to furnish photostatic copies of said letters of notice to the director of the Kentucky Bar Association.

All concur.

ENTERED: January 19, 1995.

/s/ Robert F. Stephens
ROBERT F. STEPHENS,
Chief Justice