**Peggy Leigh TERRELL, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 95–SC–1040–KB.

Supreme Court of Kentucky.

Feb. 22, 1996.

Peggy Leigh Terrell, Morehead, for Movant.

Bruce K. Davis, Executive Director, Dale Wright, Kentucky Bar Association, Frankfort, for Respondent.

*OPINION AND ORDER*

Movant, Peggy Leigh Terrell, was suspended from the practice of law in this Commonwealth for a period of two years by Order of this Court entered on January 19, 1995. *Kentucky Bar Association v. Terrell,* Ky., 891 S.W.2d 403 (1995). During the pendency of that disciplinary proceeding, three other disciplinary proceedings were brought against Movant and a fourth was brought soon after her suspension. The Inquiry Tribunal of the Kentucky Bar Association issued individual charges in these four cases. As a result, Movant now seeks an additional nine month period of suspension and termination of these four disciplinary proceedings. The Kentucky Bar Association has offered no objection to her motion, provided the additional period of suspension be consecutive with the current period of suspension.

On September 21, 1994, the Inquiry Tribunal issued Charge 4364 against Movant, charging her with: (1) one count of violating SCR 3.130–1.1 for her failure to provide competent representation and with violating SCR 3.130–1.3 for her failure to act with reasonable diligence and promptness; and (2) one count of violating SCR 3.130–1.4(a) for her failure to keep her client reasonably informed about the status of a legal matter and failure to promptly comply with reasonable requests for information. Movant represented a plaintiff in a medical malpractice action. In July of 1993, defense counsel filed a motion for summary judgment to which Movant failed to respond and for which Movant failed to appear at a hearing. In August, the circuit court dismissed the action. In April of the next year, and after repeated attempts to communicate with Movant, the client learned from the circuit court clerk that the civil action had been dismissed. Movant admits that her conduct was in violation of SCR 3.130–1.1, SCR 3.130–1.3 and SCR 3.130–1.4(a).

On April 25, 1995, the Inquiry Tribunal issued Charge 4707 against Movant, charging her with: (1) one count of violating SCR 3.130–1.1 for her failure to provide competent representation; and (2) one count of violating SCR 3.130–1.3 for her failure to act with reasonable diligence and promptness. In

July of 1993, after a four month delay, Movant filed a termination of parental rights action on behalf of the natural and biological mother of a minor child. In May of 1994, Movant filed a petition for adoption on behalf of her client's husband, the step-father of the child born during a previous marriage. Subsequently, Movant filed an "Entry of Appearance and Waiver of Further Appearance" for the natural father as a "consent" to the termination of his parental rights. Movant failed to complete the legal matter and her services were terminated by the clients. Movant admits that her conduct was in violation of SCR 3.130–1.1 and SCR 3.130–1.3.

On April 26, 1995, the Inquiry Tribunal issued Charge 4712 against Movant, charging her with: (1) one count of violating SCR 3.130–1.1 for her failure to provide competent representation; and (2) one count of violating SCR 3.130–1.3 for failing to act with reasonable diligence and promptness. Movant was retained to file a dissolution of marriage action in April, 1993. She advised her client that the balance of her fee was to be paid in installments. Although the last installment was paid in April of 1994, no divorce action was ever filed by Movant. She now admits that her conduct was in violation of SCR 3.130–1.1 and SCR 3.130–1.3.

On April 26, 1995, the Inquiry Tribunal issued Charge 4844 against Movant, charging her with: (1) one count of violating SCR 3.130–1.3 for failing to act with reasonable diligence and promptness; and (2) one count of violating SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit and misrepresentation. In February of 1994, Movant accepted a $300 retainer fee to file a dissolution of marriage action. The balance of her fee was paid in May of 1994. There were no children born during or from this marriage and the parties had lived separate and apart for a period of twelve years. For ten months, Movant repeatedly advised her client that the divorce action had been filed, although she had not and did not file a petition for dissolution. Movant admits that her conduct was in violation of SCR 3.130–1.3 and SCR 3.130–8.3(c).

Movant acknowledges and admits that her conduct described herein was unethical and unprofessional and she desires to terminate the disciplinary proceedings now pending against her. Movant requests that she be sanctioned by a nine-month additional suspension to run consecutive to her current two year suspension imposed on January 19, 1995. The Kentucky Bar Association has no objection to that proposed sanction.

Upon our review of the record, we hereby grant the motion.

IT IS THEREFORE ORDERED THAT:

Movant, Peggy Leigh Terrell, be and is hereby suspended from the practice of law for a period of nine months to run consecutively with her current period of suspension, and continue until she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

Movant is directed to pay the costs of the disciplinary proceedings herein. In the event movant has heretofore failed to fully comply with the requirements of SCR 3.390, such compliance shall be accomplished upon entry of this Order.

GRAVES, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which KING, J., joins.

ENTERED: February 22, 1996.

/s/ Robert F. Stephens
CHIEF JUSTICE

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

As the majority has pointed out, movant is currently suspended from practice for violations of SCR 3.130–1.3, 3.2 3.3(a) and 8.3(c). These violations concern a failure to provide adequate representation to a client and making a false statement to the Court of Appeals. Further details of these violations can be found in *Kentucky Bar Association v. Terrell*, Ky., 891 S.W.2d 403 (1995). In September of 1994, the Kentucky Bar Association issued another charge for failure to provide competent representation, failure to act with reasonable diligence and failure to keep her client reasonably informed about the status of a legal matter. SCR 3.130–1.1, 1.3, 1.4(a).

In April of 1995, the Kentucky Bar Association issued three charges against movant for further violations of SCR–3.130–1.1, 1.3, and 8.3(c).

SCR 3.130–8.3(c) prohibits "conduct involving dishonesty, fraud, deceit or misrepresentation." This charge arose from movant taking a fee from a client, failing to perform the agreed upon action and then misrepresenting that the action had been completed. This conduct is tantamount to stealing from the client. Violations of this type cannot be tolerated if the legal profession wants to maintain its integrity.

A nine (9) month suspension for violations of SCR 3.130–1.1, 1.3, 1.4(a) and 8.3(c) is clearly inadequate. These charges warrant, and I would recommend, a suspension of an additional two (2) years to run consecutively with movant's current suspension.

KING, J., joins this dissenting opinion.