**Daniel Lynn CALDWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

and

**Gerald Delong, Appellant,**

v.

**Commonwealth of Kentucky, Appellee.**

and

**Damon McCormick, Appellant,**

v.

**Commonwealth of Kentucky, Appellee.**

**Nos. 2003–CA–000356–MR, 2003– CA–001896–MR, 2003–CA– 001767–MR.**

Court of Appeals of Kentucky.

July 30, 2004.

Discretionary Review Denied by Supreme Court Jan. 12, 2005.

Dennis Stutsman, pro se.

Erwin W. Lewis, Rebecca Ballard DiLoreto, Frankfort, KY, on behalf of Dennis Stutsman.

Before COMBS, Chief Judge; TAYLOR, Judge; and EMBERTON,[1] Senior Judge.

## OPINION AND ORDER

COMBS, Chief Judge.

On June 8, 2004, this Court conducted a hearing in Appeal Number 2003–CA–000356–MR, *Caldwell v. Commonwealth* (Caldwell), and in Appeal Number 2003–CA–001896–MR, *Delong v. Commonwealth* (Delong), as to why counsel for appellant in these cases, Dennis M. Stutsman for the Office of Public Advocacy (OPA), should not be held in contempt for failure to comply with previous orders of this Court and for failure to timely file the brief for appellant in each case. Appeal number 2003–CA–001767–MR, *McCormick v. Commonwealth* (McCormick) is currently pending before the Court on response to a show cause order almost identical in nature to the show cause order issued in Delong. Therefore, the Court has elected to address and to dispose of the procedural aspects of *McCormick* as well in this opinion and order.

In addition to Mr. Stutsman's argument, comments were presented to the court by Erwin W. Lewis, Public Advocate; Rebecca Diloreto, Post-trial Services Division Director of the Office of Public Advocacy; and Margaret Case, Appeals Branch Manager. The focus of the hearing was the persistent disregard by Mr. Stutsman of orders of this Court regarding procedural steps in the appellate process and a flagrant disobedience of a specific order to appear before this panel on April 6, 2004, to explain his failure to file the brief for appellant in *Caldwell* within the time limitation set out in this Court's order of March 23, 2004.

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

In both the written responses to our show cause order and their oral statements at the June 8 hearing, Mr. Stutsman and his supervisors at OPA contended that his repeated failure to comply with orders of this Court had been occasioned by excessive workload and budgetary considerations in the Office as a whole. This Court is both concerned and sympathetic as to the budgetary constraints faced by OPA and the expanded workload necessary to adequately serve an increasing number of indigent criminal defendants and appellants. However, these considerations do not suffice to provide an acceptable explanation for Mr. Stutsman's longstanding pattern of simply ignoring procedural deadlines and specific orders of this Court.

Despite similarly heavy caseloads, the majority of assistant public advocates render extraordinarily effective assistance to indigent appellants in a timely and efficient manner. Budgetary constraints do not constitute a legitimate excuse for the failure of Mr. Stutsman's supervisors at OPA to provide even a minimum level of acceptable oversight for those attorneys who routinely fail to comply with the rules of appellate practice. Their conduct with respect to Court orders imperils the reputation of the Office and severely compromises the competency of representation that their clients are entitled to expect.

Central to our consideration is the reasoning of the Supreme Court of Kentucky in *Commonwealth v. Wine*[2] in assessing the harmful impact of inordinate delay on the functioning of the Court system and the rights of criminal appellants:

> This case aptly illustrates the need for enforcement of procedural rules relating to appeals. It commenced in 1978 with an indictment, after considerable delay a trial was had in 1979, and it has now languished on various appeals for five and one-half years. It has encountered delay in trial, delay in preparation of the record on appeal, and delay in the filing of appellate briefs which finally resulted in the dismissal of the appeal. . . .
>
> . . . .
>
> This case, and others like it, has a tendency to bring our judicial system to its knees. . . .
>
> . . . .
>
> Although the law is still developing as to what constitutes effective assistance of counsel in the constitutional sense, *it cannot be doubted that the failure of counsel to file an appellate brief which results in the dismissal of an appeal constitutes ineffective assistance of counsel.* (Emphasis added.)

Although the delay in the cases now before us is not as lengthy as the time-frame addressed in *Wine,* we nevertheless consider it to be sufficiently egregious to call into question the effectiveness of the assistance provided by Mr. Stutsman—regardless of the quality of the brief that was finally filed. In these cases, we are dealing with the direct appeals of indigent appellants, who have remained incarcerated while delay after delay in the preparation of the appellant's brief was requested by appointed counsel. A brilliant brief would be a moot issue and little comfort to an appellant whose sentence was served before his appeal could be heard.

As background for our decision regarding sanctions, we shall endeavor to set out in detail Mr. Stutsman's pattern of practice before this Court over the past several years and to explain why this Court can no longer tolerate his repeated missed deadlines, motions, and responses to show cause orders. The following list is a representative sample of the manner in which

---

2. Ky., 694 S.W.2d 689, 694–5 (1985).

Mr. Stutsman has responded to the appellate rules and the orders of this Court [3]:

### Appeal No.2000-CA-000077-MR
*TURNER v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 12/9/99 | Circuit court judgment |
| 2/02/01 | After many motions and much delay, Mr. Stutsman is substituted as counsel of record for appellant |
| 2/23/01 | Order granting motion for 60 days additional time to obtain narrative statement |
| 5/10/01 | Returned to staff attorney for failure to comply with order of 2/23/01 |
| 6/7/01 | Court orders appellant to file response indicating status of narrative statement and when supplemental certification may be completed |
| 6/28/01 | No response |
| 10/12/01 | Due to failure to respond to order of 6/7/01, Court orders case to continue without narrative statement; brief due 11/12/01 |
| 1/16/02 | Show cause for dismissal for failure to file brief. |
| 2/6/02 | No response. |
| 2/14/02 | Untimely response to show cause |
| 3/19/02 | Court finds sufficient cause not to dismiss and grants until 3/31/02 to obtain supplemental certification. Brief due 20 days from date supplemental record is made available |
| 2/11/03 | No response to court order of 3/19/02 |
| 2/25/03 | Show cause order for failure to file brief |
| 4/3/03 | No response |
| 8/19/03 | Court's own motion; final 60–day extension to file brief. Failure to comply will result in dismissal and imposition of sanctions on counsel. Due 10/20/03 |
| 10/20/03 | Appellant's brief filed. |

### Appeal No.2001-CA-001467-MR
*REYNOLDS v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 5/24/01 | Circuit court judgment |
| 2/8/02 | First motion for 60–day extension to file brief |
| 2/26/02 | Order granting extension to 4/9/02, including warning language as to further extensions and sanctions |
| 4/4/02 | Motion for 30–day extension |
| 4/24/02 | Order granting extension to 5/9/02 |
| 7/26/02 | Motion for additional time (until 8/1/02) in which to file brief |
| 8/9/02 | Motion for additional time; brief tendered |
| 8/16/02 | Order entered passing motions for additional time, directing counsel to show cause why he should not be fined $250; provision that he may pay fine by 9/2/02 in lieu of response |
| 9/4/02 | No response |
| 9/5/02 | Received untimely check for $250 |
| 10/22/02 | Order granting passed motions for additional time and ordering tendered brief filed |

### Appeal No.2001-CA-001102-MR
*TAYLOR v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 5/17/01 | Circuit court judgment |
| 9/10/01 | Appellant's brief due |
| 9/26/01 | Untimely motion for 60–days' additional time to file brief |
| 10/17/01 | Order granting until 11/11/01 to file brief with warning language |

---

**3.** This outline was prepared by a review of Court of Appeals' step sheets in the listed cases. It is not intended to represent every step in the appellate process; rather, it focuses on those practices pertinent to issue of sanctions. In some cases, there were also many motions for extension and enlargement related to the preparation of the record.

| | |
|---|---|
| 12/21/01 | Show cause issued for failure to file brief; response due 1/14/02 |
| 1/15/02 | No response |
| 2/14/02 | Untimely response tendered |
| 3/14/02 | Untimely motion for additional time to 3/22/02 filed |
| 4/3/02 | Motion for enlargement to 4/8/02 filed |
| 5/16/02 | Order entered finding sufficient cause not to dismiss and ordering brief filed by 5/31/02; show cause to counsel on issue of sanctions |
| 5/30/02 | Motion for additional time (until 6/4/02) in which to file brief |
| 6/4/02 | Timely response to show cause for sanctions |
| 11/19/02 | Motion for additional time, brief tendered |
| 2/24/03 | Order granting additional time and that brief be filed; finding of sufficient cause not to sanction |

**Appeal No.2002–CA–000230–MR**
*DEATLEY v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 1/9/02 | Circuit court judgment |
| 5/22/02 | Order granting first motion for 60–day extension (until 7/6/02) in which to file appellant's brief |
| 7/8/02 | Motion for additional time to file brief |
| 7/18/02 | Motion for additional time (until 7/23/02) in which to file brief |
| 8/16/02 | Order granting additional time to file brief; due 5 days from order; warning language |
| 11/8/02 | Show cause for dismissal for failure to file brief |
| 12/2/02 | Response to show cause |
| 2/18/03 | Order finding sufficient cause not to dismiss, brief due 30 days from order, no further extensions, warning language |
| 4/7/03 | Show cause for sanctions issued for failure to comply with order of 2/18/03; counsel may pay $300 fine by 4/28/03 and must still respond to order |
| 4/25/03 | Fine paid, brief tendered |

**Appeal No.2002-CA-001132-MR**
*BROOKS v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 5/15/02 | Circuit Court judgment |
| 10/21/02 | Order granting first motion for additional time, brief due 11/27/02, warning language |
| 1/21/03 | Commonwealth's motion to dismiss for failure to file brief |
| 2/3/03 | Response to motion and motion for additional time to file brief |
| 8/19/03 | Order denying motion to dismiss, granting until 10/17/03 to file brief; warning that failure to file brief as directed may result in dismissal and/or sanctions |
| 10/21/03 | Untimely motion for additional time (until 10/24/03) in which to file brief |
| 11/24/03 | Counsel ordered to show cause why appeal should not be dismissed and sanctions imposed. Response due 12/1/03 |
| 12/2/03 | No response |
| 12/3/03 | Untimely response, motion for enlargement of time (until 12/19/03) in which to file brief |
| 1/5/04 | Motion for additional time (until 1/10/04) filed by Lisa Clare for Dennis Stutsman [4] |
| 1/12/04 | Corrected motion for additional time, treated as a motion for additional time (until 1/17/04), filed by Lisa Clare for Dennis Stutsman |
| 1/14/04 | Order granting motions for additional time (until 2/1/04). If brief is not filed on that date, Mr. Stutsman is ordered to appear in person on 2/10/04 to show cause why sanctions should not be imposed. Order directed to be served on Erwin Lewis and Rebecca DiLoreto in addition to Stutsman |
| 2/2/04 | Appeal perfected |

---

4. Apparently Mr. Stutsman left the employment of the Office of Public Advocacy as of 12/31/03 but agreed to complete certain cases assigned to him.

**2002-CA-002510-DR**
*TURNEY v. COMMONWEALTH*—Discretionary Review

| | |
|---|---|
| 2/6/03 | Order granting discretionary review, brief due 5/28/03 |
| 5/27/03 | First motion for additional time |
| 6/16/03 | Order granting motion for additional time (until 7/1/03) in which to file brief |
| 7/1/03 | Motion for additional time (until 7/11/03) in which to file brief |
| 7/16/03 | Order granting until 7/28/03, warning language |
| 7/28/03 | Motion for additional time (until 7/29/03) in which to file brief |
| 9/2/03 | Order entered passing motions for additional time, ordering counsel to show cause why a fine of $300 should not be imposed for failure to timely file brief |
| 9/17/03 | Timely response to show cause order and motion for additional time (until 9/25/03) in which to file brief |
| 9/26/03 | Appellant's brief tendered |

**2003-CA-000356-MR**
*CALDWELL v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 2/4/03 | Circuit court judgment, brief due 8/25/03 |
| 8/22/03 | Motion for 60–days' additional time (until 10/23/03) |
| 9/8/03 | Order granting additional time (until 10/23/03) |
| 11/7/03 | Untimely motion for additional time to file brief |
| 11/25/03 | Order passing motion for additional time, ordering counsel to show cause why a fine of $300 should not be imposed for failure to timely file brief. Counsel may pay fine in lieu of filing response |
| 12/3/03 | Response to show cause and motion for additional time (until 12/30/03) in which to file brief |
| 1/5/04 | Motion for additional time (until 1/10/04)in which to file brief |
| 1/12/04 | Corrected motion for additional time (until 2/10/04) in which to file brief |
| 2/24/04 | Motion for additional time (until 3/11/04) in which to file brief |
| 3/23/04 | Order granting additional time to file brief. If brief is not filed on or before 3/31/04, appeal will be dismissed and counsel is ordered to appear in person before Court on 4/6/04 to show cause why sanctions should not be imposed |
| 4/2/04 | Motion to reconsider order of 3/23/04 and motion for additional time (until 4/6/04) in which to file brief—signed by Dennis Stutsman |
| 4/5/04 | Brief for appellant tendered, signed by Lisa Clare for Dennis Stutsman |
| 4/6/04 | Counsel failed to appear as ordered |
| 5/4/04 | Order denying motion to reconsider order of 3/24/04. On its own motion, Court reinstates appeal subject to following conditions: 1) motions for additional time are granted and tendered brief is ordered filed; 2) Public Advocate is ordered to remove Mr. Stutsman as counsel of record and to appoint substitute counsel, who shall have 15 days to review brief and record to determine whether supplemental brief is necessary; 3) Mr. Stutsman is ordered to appear on 6/8/04 in order to show cause why he should not be sanctioned and/or referred to Kentucky Bar Association; and 4) Erwin Lewis and Rebecca DiLoretto are required to appear at the show cause hearing. |
| 5/21/04 | Supplemental order directing that Delong case will also be addressed at show cause hearing; also directing Mr. Stutsman to provide Court with a detailed listing of all cases in which he continues to be counsel of record for OPA, specifically identifying where each case stands in the appellate process. The Public Advocate and Ms. DiLoreto should be prepared to discuss pending matters in the Caldwell and Delong appeals as well as Mr. Stutsman's status as counsel for OPA in any other matter pending in this Court |
| 6/2/04 | OPA filed a response to order of 5/21/04 and requested that the Public Advocate be allowed to appear through his designees |

| | |
|---|---|
| 6/3/04 | Order denying OPA's motion to allow the Public Advocate to appear through his designees |
| 6/7/04 | Dennis Stutsman filed response to order of 5/21/04 |
| 6/8/04 | Show cause hearing |

### Appeal No.2003-CA-001767-MR
*McCORMICK v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 7/22/03 | Circuit court judgment |
| 9/19/03 | Motion to supplement record and for additional time to file brief |
| 10/9/03 | Order granting motion to supplement; brief due 60 days from date record made available |
| 10/23/03 | Supplemental record checked out; brief due within 60 days |
| 2/6/04 | Motion for additional time (until 3/15/04) in which to file brief |
| 2/27/04 | Order granting additional time, warning language |
| 4/7/04 | Show cause order, failure to file brief |
| 4/29/04 | Untimely response to show cause (due 4/7/04); hand-delivered on 4/29/04; motion for additional time (until 5/30/04) in which to file brief |
| 6/2/04 | Tendered brief—2 days late |
| 6/10/04 | Notice from Lisa Bridges Clare that she has no knowledge of or involvement in case other than having signed pleadings on behalf of Dennis Stutsman |

### Appeal No.2003-CA-001896-MR
*DELONG v. COMMONWEALTH*—Direct Appeal

| | |
|---|---|
| 8/8/03 | Circuit court judgment; brief due 12/14/03 |
| 12/3/03 | Motion for additional time (until 2/20/04) in which to file brief |
| 12/18/03 | Order granting additional time |
| 4/7/04 | Show cause for dismissal for failure to file brief |
| 4/29/04 | Untimely response to show cause (due 4/27) |
| 5/17/04 | Tendered brief |
| 5/21/04 | Case combined with Caldwell for purposes of June 8 hearing |

It is with respect to this deplorable history of Mr. Stutsman's pattern of practice before the Court of Appeals that we undertake an examination of the written responses to our show cause order and the oral statements of Mr. Stutsman and the representatives of OPA at the June 8 hearing. Although there are several specific areas of concern, we commence our discussion by addressing Mr. Stutsman's contention there was no contemptuous intent in his repeated failure to adhere to appellate deadlines or to respond to specific orders of this Court. According to Mr. Stutsman, his acts or omissions were merely the product of having "no good options" in the handling of an unmanageable workload. We cannot concede that a reasonably prudent attorney in Mr. Stutsman's situation would believe that an acceptable course of conduct was simply to ignore court orders.

Clearly, there were other appropriate courses of action.

As reflected in the lengthy recitation of procedural steps in some of Mr. Stutsman's pending cases, this Court has exhibited extraordinary leniency in our rulings. Mr. Stutsman could have—and should have—approached his superiors and alerted them to the fact that he was unable to handle both his managerial duties and his assigned caseload. This Court has always been receptive to discussions with OPA concerning its caseload, and we have indicated our willingness to make reasonable accommodations—at least to the extent that the procedural rights of indigent appellants were not impaired. Thus, we find no merit in Mr. Stutsman's contention that he had no good options.

Furthermore, even if it were true that Mr. Stutsman had no subjective contemp-

tuous intent, the totality of his actions in response to orders of this Court cannot be characterized realistically as anything other than contemptuous. By repeatedly injecting unwarranted delay into the appellate process, Mr. Stutsman has abused the efforts of this Court to accommodate the demands on OPA staff when we have granted reasonable extensions of time to complete the briefing process. As with all members of the Bar, we expect OPA attorneys to respect and to comply with this Court's orders and rules. Most OPA attorneys have served admirably and have endeavored to comply with our rules.

We have grave reason to question Mr. Stutsman's candor at the June 8 hearing. Mr. Stutsman claimed that he has not attempted to "play games" with this Court. However, that representation simply cannot be reconciled with his course of conduct in these and other appeals. This panel also has serious concerns about Mr. Stutsman's candor in the filing of what we perceive to be "boilerplate" motions for extension and enlargement, which frequently do not contain current or pertinent information regarding his noncompliance with briefing deadlines and orders of this Court.

A third area which is of concern is the fact that since January 1 of this year, we are aware of only one pleading or motion actually signed by Mr. Stutsman: the motion to reconsider the order of March 23, 2004. As an occasional accommodation, the practice of one lawyer's signing for another attorney in the office is not unusual where the fact of such agency of the signer is fully disclosed. However, virtually all pleadings and motions filed in an appeal should not be signed consistently and routinely by someone other than the attorney of record.

Accordingly, having considered both the written and oral responses to the show cause order, and being otherwise sufficiently advised, the Court FINDS Dennis M. Stutsman to be IN CONTEMPT OF THIS COURT and hereby ASSESSES a fine of $500.00 to be paid to the Clerk of this Court on or before twenty (20) days from the date of entry of this order.

In addition, the Court REFERS this matter to the Kentucky Bar Association for investigation of what we believe may be violations of SCR 3.130, Rule 1.3, regarding diligence and promptness in representing a client; SCR 3.130, Rule 3.2, regarding reasonable efforts to expedite litigation; and SCR 3.130, Rule 3.3(a), regarding candor in statements of fact to a tribunal. The Court does not make this referral lightly or without serious reflection and deliberation. In so acting, we take particular note of *Kentucky Bar Association v. Terrell*, Ky., 891 S.W.2d 403 (1995), in which the Supreme Court of Kentucky upheld the imposition of disciplinary sanctions for violations of the rules cited previously which involved representation *in a single case*. With regard to Mr. Stutsman, we are dealing with a pattern of practice established and continued over a period of years and in numerous cases.

Finally, we reiterate our concern and belief that the lack of appropriate supervision in the Office of Public Advocacy has facilitated some of its attorneys in flagrantly disregarding the rules of appellate procedure and in rendering what may very well be considered ineffective assistance to its clients. The Court hereby ORDERS the Public Advocate to remove Dennis M. Stutsman as counsel of record for OPA in every appeal pending in this Court. The Public Advocate is ORDERED to CERTIFY to this Court, on or before thirty (30) days from the date of entry of this order, that Mr. Stutsman has been removed and to INFORM the Clerk of this Court as to

the identity of substitute counsel in each case.

This panel is firmly committed to preventing the abuses of the appellate process that we have outlined in this opinion. Therefore, until such time as the matter of briefing policy can be reviewed and possibly amended by the Court *en banc,* the Court will require strict adherence to Administrative Order 85–4, which sets out the following criteria concerning motions for extension or enlargement of time to file a brief by a public advocate or assistant attorney general:

(1) the record on appeal must be examined by the attorney filing the motion prior to asking for additional time [5]; and

(2) the initial motion must request an extension for the total briefing time necessary, not to exceed a total of 120 days from the brief's original due date.

From and after the date of entry of this order, compliance with this administrative order will require motions for extension or enlargement outside 120 days from the brief's original due date to be accompanied by an affidavit of necessity, duly signed and notarized by the Public Advocate, specifying in detail why the brief cannot be completed within normal time limitations. Any motion for time outside the limitations set out in the current administrative order which is not accompanied by this affidavit of necessity will be returned as deficient by the Clerk of this Court.

We now turn to rulings on the pending procedural motions in *Caldwell, Delong,* and *McCormick.* First, in *Caldwell,* Appeal Number 2003–CA–000356, the Court GRANTS the motion to accept the brief tendered on April 5, 2004, as the brief for appellant. In order to clarify the briefing time for appellee, the Court ORDERS that the brief for the Commonwealth shall be due on or before sixty (60) days from the date of entry of this order.

In *Delong,* Appeal Number 2003–CA–001896, the Court FINDS SUFFICIENT CAUSE not to dismiss this appeal and ORDERS the brief tendered on May 17, 2004, FILED on the date of entry of this order. The brief for the Commonwealth shall be due on or before sixty (60) days of the date of entry of this order.

In *McCormick,* Appeal Number 2003–CA–001767, the Court FINDS SUFFICIENT CAUSE not to dismiss this appeal and hereby ORDERS the brief tendered on June 2, 2003, FILED on the date of entry of this order. The brief for the Commonwealth shall be filed on or before sixty (60) days from the date of entry of this order.

ALL CONCUR.

---

**5.** The examination contemplated in this order consists of more than a cursory listing of the contents of the record on appeal. It presupposes an examination sufficient to enable counsel to request an adequate amount of additional time in which to prepare the brief. Compliance with this requirement will be enforced.