**Robert Mark BEAL, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2006–SC–000918–KB.

Supreme Court of Kentucky.

Jan. 25, 2007.

As Modified March 22, 2007.

*OPINION AND ORDER*

Movant, Robert M. Beal, whose Bar Roster Address is P.O. Box 70051, Louisville, Kentucky 40270–0051 and whose KBA Member Number is 03887, has moved the Court to impose a sanction of a two-year suspension from the practice of law. Beal admits he is guilty of violating the Rules of Professional Conduct arising in two separate disciplinary cases.

The first disciplinary case, KBA File 13244, involves the following facts: On May 13, 2005, Mary Agnes Hayden paid Movant $75 to represent her in court on a traffic ticket. Movant told Ms. Hayden she did not have to be present on her court date and that he would appear on her behalf. On May 19, 2005, Movant told Ms. Hayden that he had arranged to have her case postponed to June 1, 2005. When she contacted him on June 2, he informed her that the case had been postponed to June 15, 2005. On June 16, 2005, Movant assured Ms. Hayden that everything had gone well in Court. However, she was subsequently contacted by the Division of Drivers Licensing and told that her license would be suspended because no one had appeared on her behalf. Ms. Hayden's case was heard on May 18, 2005 and Movant did not appear on her behalf. Ms. Hayden sent Movant a certified letter dated June 22, 2005, requesting a refund of her $75. Movant did not respond to her letter.

Movant admits that he violated SCR 3.310–1.3 when he failed to appear in Court on his client's behalf after being paid to do so. Movant admits that he violated SCR 3.130–1.4(a) when he failed to respond to a letter from his client asking that he return the unearned fee and to a phone call asking for an explanation as to why he did not appear in court on her behalf. Movant violated SCR 3.130–1.16(d) when he failed to return an unearned fee to his client after being requested to do so. Movant violated SCR 3.130–3.2 when he failed to expedite his client's case by appearing in court. Movant admits he violated SCR 3.130–8.3(c) when he misrepresented to his client that her case had been postponed twice, that he had appeared in Court on her behalf, and that everything had gone well, when in fact, he had not appeared.

The second disciplinary case, KBA File 13258, involves the following facts: On or about April 11, 1998, Robert F. Datillo was injured at work when he slipped and fell while aboard a railroad car. On September 4, 1998, James Howes, an attorney in Louisville, filed a civil complaint on behalf of Mr. Datillo alleging a claim for personal injury. On or about June 30, 1999, Mr. Howes withdrew from representing Mr. Datillo. On January 27, 2000, Movant filed his Notice of Representation with Jefferson Circuit Court.

On August 14, 2000, November 5, 2001, and June 6, 2002, Mr. Datillo's deposition was taken. Movant was present for all of Mr. Datillo's depositions. In addition to the civil suit, Mr. Datillo pursued claims for workers' compensation benefits against his employer. Again, Mr. Datillo was initially represented by James Howes. The workers' compensation case was settled June 15, 2000. On or about April 11, 2002,

Movant filed a motion to reopen Mr. Datillo's workers' compensation case after surgery had been performed on Mr. Datillo. A hearing was held regarding the reopening of the case on October 20, 2002. Movant represented Mr. Datillo at the hearing. Mr. Datillo won his case, but his employer appealed the decision. On June 11, 2003, the Workers' Compensation Board entered an Opinion reversing and remanding the case to the Administrative Law Judge. On September 10, 2003, the Administrative Law Judge dismissed the action to reopen Mr. Datillo's claim. In the Opinion of the Workers' Compensation Board it noted that Mr. Datillo, through his attorney (Movant), failed to object to the filing of additional evidence and failed to file a responsive brief.

On January 27, 2005, Movant was suspended by this Court for non-payment of bar dues. Movant has not been restored to membership. On June 29, 2005, the defendant in Mr. Datillo's civil suit in Jefferson Circuit Court filed a Motion for Dismissal pursuant to CR 41.02(1). The motion was filed due to Mr. Datillo's failure to prosecute the action. In the motion, it was noted that no activity had taken place in the case for more than three years—since Mr. Datillo's June 2002 deposition. In addition, the defendant had requested additional discovery and updated information concerning the alleged damages. For more than two years after these requests were made, the defendant had received no additional information from Movant. Movant never told Mr. Datillo that the Motion to Dismiss had been filed. Instead, Movant falsely told Mr. Datillo that the case was set for trial on July 12, 2005.

On July 12, 2005, Mr. Datillo went to the Jefferson Circuit Court Clerk's office, where he discovered there was no trial date and that the Motion to Dismiss had been filed on June 29, 2005. On or about July 13, 2005, Movant filed a Response to the Motion to Dismiss even though he had been suspended from the practice of law. On or about July 12, 2005, Movant confirmed he had received the Motion to Dismiss and was preparing to file a response on behalf of Mr. Datillo. Movant apologized to defense counsel for not having updated his client's discovery and also requested information whether his client was interested in settling the case. All of this was done while Movant was suspended from the practice of law. In addition to telling Mr. Datillo there was a trial date, Movant also told him there were mediations scheduled and that he was going to make an offer of settlement of approximately $225,000.00. Defense counsel never received any settlement demand from Movant.

Movant admits he violated SCR 3.130–1.3 when he failed to take any action on behalf of his client in his civil case from 2002 until his suspension in 2005, and failed to file a responsive brief and objection to additional evidence in his client's workers' compensation case. Movant admits that he violated SCR 3.130–1.4(a) and (b) when he failed to keep his client reasonably informed about the status of his case, failed to explain what was going on in the case in order to permit his client to make informed decisions regarding the representation, and failed to tell his client that he was suspended from the practice of law and could no longer represent him. Movant admits that he violated SCR 3.130–3.3(a)(2) when he filed a response to a Motion to Dismiss after he had been suspended from the practice of law in the Commonwealth of Kentucky. Movant admits he violated SCR 3.130–3.4(c) when he failed to comply with the Order of Suspension from this Court by notifying his client and the trial court that he had been suspended from the practice of law on Janu-

ary 27, 2005. Movant admits he violated SCR 3.130–3.4(d) when he failed to comply with discovery requests made by the opposing party from 2002 until his suspension in 2005. Movant admits he violated SCR 3.130–8.3(c) when he misrepresented to his client the status of the case by pretending a trial date was set, that mediation dates were scheduled, and a settlement was imminent; and when he misrepresented to the opposing counsel, and to the trial court, that he was licensed to practice law in the Commonwealth of Kentucky when he had been suspended.

Movant was suspended from the practice of law by Order of this Court for nonpayment of bar dues on January 27, 2005. He was suspended for disciplinary reasons for sixty days by Order of this Court on October 20, 2005. He was also suspended for disciplinary reasons for one year, to run consecutively to the sixty-day suspension, by Order of this Court on November 23, 2005.

Movant admits that he violated the aforementioned rules and has requested the Court to impose a suspension from the practice of law in the Commonwealth of Kentucky for two years consecutive to his prior one year and sixty day suspension. Movant's prior suspension ended in August 2006. However, the Kentucky Bar Association has no objection to the two year proposed suspension. Movant's request is hereby granted. We decline to take review of this matter independently pursuant to SCR 3.370(9).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Movant, Robert M. Beal, is suspended from the practice of law in Kentucky for a period of two years, to run consecutively to the previous suspensions of sixty days and one year.

2. If he has not already done so, Beal is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. Beal is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

3. Beal shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. In accordance with SCR 3.450, Beal is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $86.34, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: January 25, 2007.

/s/ Joseph E. Lambert
Chief Justice