Carl TURNER, Movant,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2010–SC–000060–KB.

Supreme Court of Kentucky.

April 22, 2010.

### OPINION AND ORDER

Carl Turner moves this Court to enter an order imposing a two-year suspension from the practice of law in the Commonwealth of Kentucky. In response, the Kentucky Bar Association (KBA) agrees with the requested sanction. Turner, whose KBA member number is 83686 and whose bar roster address is 811 Central Avenue, Newport, Kentucky 41071, was admitted to practice law in this Commonwealth on October 12, 1990. Based upon Turner's conduct in the matter that prompted these proceedings, we agree that a two-year suspension is appropriate.

In 2002, John Nelson retained Turner to pursue a civil action against Blazing Wings, Inc. Turner filed a complaint in the matter. Four months later the trial court entered an order requiring Turner's client to fully answer the defendant's discovery and to supplement his responses to previous discovery. Turner neither complied with the order nor did he apprise his client of it. Defendant's motion to dismiss, based upon failure to abide by the discovery order, was granted and the case was dismissed with prejudice. Not only did Turner fail to apprise his client of these events, he continued to represent to his client that the case was still active. In fact, more than a year after the case had been dismissed, Turner brought four wit-

nesses into his office allegedly to prepare for their depositions.

Turner admits to the foregoing actions and he concedes that these actions warrant a two-year suspension. He first admits that his failure to comply with the trial court's discovery order violated SCR 3.130–1.3,[1] which requires a lawyer to "act with reasonable diligence and promptness in representing a client," as well as SCR 3.130–3.4(c), which prohibits a lawyer from "knowingly or intentionally disobey[ing] an obligation under the rules of a tribunal." Turner further admits that his failure to respond to his client's inquiries and his failure to apprise his client of the true status of his case violated SCR 3.130–1.4, which mandates that a lawyer promptly respond to requests for information, keep his client informed, and sufficiently explain matters to allow his client to make informed decisions. Turner also recognizes that his actions violated SCR 3.130–3.2, requiring a lawyer to make reasonable efforts to expedite litigation. And, finally, Turner concedes that his misrepresentations that the case was ongoing, including pretending to prepare for depositions after the case had been dismissed, violated SCR 3.130–8.4(c), which deems it professional misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

This Court has approved of a two-year suspension as an appropriate sanction for similar misconduct. In *Beal v. Kentucky Bar Association*, 220 S.W.3d 690 (Ky. 2007), a two-year suspension was imposed where the attorney's inaction resulted in dismissal of his client's case for failure to prosecute. Like, the instant case, the attorney failed to inform his client of the dismissal and continued to represent that the case was active long after it had been dismissed.

In *Kentucky Bar Association v. Terrell*, 891 S.W.2d 403 (Ky.1995), a two-year suspension was imposed for the attorney's inaction with respect to a civil case that ultimately resulted in a dismissal for failure to prosecute. The attorney also made a false statement to the Court of Appeals in an attempt to justify her inaction. As Turner has engaged in similar misconduct, we approve of the negotiated sanction of suspension from the practice of law for a period of two years.

Accordingly, it is hereby ORDERED that:

1. Carl Turner is suspended from the practice of law in the Commonwealth of Kentucky for a period of two years.

2. In accordance with SCR 3.390, Turner is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. Beal is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Further, Turner shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

3. In accordance with SCR 3.450, Turner is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $31.93, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ John D. Minton, Jr.

---

1. All rules referenced are to be the Kentucky Supreme Court Rules of Professional Conduct in effect prior to the July 15, 2009 amendments.

Chief Justice